UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNION ELECTIRC COMPANY, d/b/a AMEREN UE,<br>    Plaintiff(s),<br><br>vs.<br><br>GENERAL ELECTRIC INTERNATIONAL, INC.,<br>    Defendant(s). | Case No. 4:06CV00319 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Compel Discovery [doc. #46].

**I. BACKGROUND**

The parties appeared before the Court by telephone on November 13, 2007, on Defendant's Motion to Compel. The parties advised the Court that they had attempted to reach an agreement, however, they had been unable to do so, due to a disagreement over the lengths to which Plaintiff would be required to go to locate relevant documents. While the Parties agreed that all of the discovery requests could be reduced to a discussion of documents relating to the parties prior course of dealings, the Court believes that it is prudent to address each individual discovery request, presented in Defendant's Motion, in order to prevent future disputes between the Parties.

**II. DISCUSSION**

Information regarding the prior course of dealings is relevant in the case at bar, due to Plaintiff's assertion in its Motion for Summary Judgment, that Plaintiff never accepted Defendants

1

terms and conditions. Therefore, Plaintiff is obligated to produce those documents which are relevant to the Parties' course of dealings. Plaintiff advised the Court during the hearing on this matter that Plaintiff began an electronic record keeping system in 1993, therefore the Court's order is limited to those documents, which are responsive to the requests, starting on January 1, 1993, and ending on the date of the contract at issue in the case at bar, April 30, 2002.[1]

Document Request Number 9 is granted in part. Plaintiff is to produce all correspondence, contracts, quotations, purchase orders, acknowledgments and service master agreements pertaining to Plaintiff's contracting with Defendant for any maintenance, repair, overhaul or inspection on any equipment at Plaintiff's Labadie, Missouri power plant from January 1, 1993 to April 30, 2002.

Document Request Number 10 is granted in part. Plaintiff shall produce all correspondence, contract, quotation, purchase orders, service orders, work orders, invoices, receipts, job tickets, plans, charts, diagrams and reports pertaining to any work done on the generator before the failure necessitating the work at issue in this case from January 1, 1993 to April 30, 2002.

Document Request Number 11 is granted in part. Plaintiff shall produce all correspondence, contracts, quotations, purchase orders, service orders, work orders, invoices, receipts, job tickets, plans, charts, diagrams and reports evidencing all communications and negotiations between Plaintiff and Defendant from January 1, 1993 to April 30, 2002.

Document Request Number 13 is denied as too broad.

---

[1]There is still an issue remaining as to whether a contract was ever formed between the Parties, and if so, when that contract was formed and on what date. April 30, 2002 is the date which Plaintiff Union Electric shipped the subject generator to Defendant General Electric's Fenton, Missouri facility.

Document Request Number 14 is granted in part. Plaintiff shall produce any written policy manuals, written guidelines or instructions describing or defining Plaintiff's policies, practices or procedures, in any format, for contracting with vendors or contractors in connection with sales, purchase, services or work of any type, or work at Plaintiff's Labedie, Missouri power plant.

Document Request Number 23 is denied as too broad.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Discovery [doc. #46] is **GRANTED in part** and **DENIED in part.** Plaintiff shall produce documents in accordance with the above order, within thirty (30) days of the date of this order.

Dated this 14th Day of November, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE